■ UNICAST DEVELOPMENT CORPORATION, Respondent, v MUELLER-PHIPPS INTERNATIONAL, INC., Appellant.—In an action, *inter alia,* to recover damages for breach of a contract for the exclusive sale of defendant's wax injector machines, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, dated December 12, 1978, as granted plaintiff's motion for a preliminary injunction enjoining it from selling said machines to customers other than the plaintiff. Order reversed insofar as appealed from, with $50 costs and disbursements and motion denied. Plaintiff's amended verified complaint seeks damages for the breach of a contract which allegedly provided, *inter alia,* for the exclusive sale to the plaintiff of wax injector machines made by defendant, or in the alternative, recovery in *quantum meruit.* Plaintiff subsequently received permission to supplement its complaint to include a request, pursuant to section 368-d and subdivision 5 of section 279-n of the General Business Law, for a permanent injunction against dilution of its trade-mark and injury to its business reputation. It is on this statutory cause of action that plaintiff bases its application for a preliminary injunction (see CPLR 6301). In our opinion plaintiff is not entitled to a preliminary injunction, as it has failed to carry its burden of proving a strong probability of success on the statutory cause of action (cf. *Barricini, Inc. v Barricini Shoes,* 1 AD2d 905). We are not persuaded that the alleged breach of contract by defendant has resulted in a "Likelihood of injury to business reputation or of dilution of the distinctive quality of [its] mark or trade name" (General Business Law, § 368-d) which would furnish cause for injunctive relief under section 368-c of the General Business Law. Plaintiff asserts that it had held itself out to its customers as the exclusive source for wax injector machines made by defendant, and argues that since the agreement provided that the specially constructed machines would be marketed solely under plaintiff's trade name, its reputation was tarnished when the claim of exclusivity proved false. (Defendant concedes that it has continued to sell the machines under its own mark after the agreement had purportedly gone into effect.) While defendant's breach, if established, may constitute unfair competition with plaintiff under the terms of the agreement, it is not clear how plaintiff's business reputation (as opposed to its financial interest in the sale of defendant's machine) will suffer thereby. The machines in question are admittedly unpatented, and would apparently be available from sources other than the parties herein. Similarly, the record does not substantiate a claim of dilution of the plaintiff's trade name, since the defendant sold the machines under its own name, with no possibility of confusion as to the source of machines which plaintiff might have sold under its own mark pursuant to the alleged agreement (see *Cue Pub. Co. v Colgate-Palmolive Co.,* 45 Misc 2d 161, 166, affd 23 AD2d 829). If plaintiff succeeds in establishing a breach of contract, it will be entitled to compensatory dam-

ages, and such other relief, if any, as may be appropriate. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.